# EXHIBIT A

CROSNER LEGAL, P.C.
Michael R. Crosner (SBN 41299)
Zachary M. Crosner (SBN 272295)
Chad A. Saunders (SBN 257810)
Craig Straub (SBN 249032)
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (310) 496-5818
Fax: (310) 510-6429
mike@crosnerlegal.com
zach@crosnerlegal.com
chad@crosnerlegal.com
craig@crosnerlegal.com

ELECTRONICALLY FILED
by Superior Court of CA,
County of Yolo,
on 1/11/2023 12:20 PM
By: R. Vidales, Deputy

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiff, and all other similarly situated*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF YOLO**
**UNLIMITED JURISDICTION**

| | |
|---|---|
| BRIAN HEINZ, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> AMAZON.COM, INC. and DOES 1 through 10, inclusive, and each of them, <br><br> Defendants. | Case No.   CV2023-0085 <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR VIOLATIONS OF:** <br><br> **(1) FEDERAL WIRETAP ACT, 18 U.S.C. §§ 2510, *et seq.*;** <br> **(2) CALIFORNIA PENAL CODE § 631;** <br> **(3) CALIFORNIA PENAL CODE § 632;** <br> **(4) CALIFORNIA PENAL CODE § 632.7; AND** <br> **(5) CALIFORNIA UNFAIR COMPETITION LAW, CALIFORNIA BUS. & PROF. CODE §§ 17200, *et seq.*** <br><br> **DEMAND FOR JURY TRIAL** |

1

**CLASS ACTION COMPLAINT**

1.      BRIAN HEINZ ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of AMAZON.COM, INC. ("Defendant"), its related entities, subsidiaries and agents in knowingly, and/or willfully employing and/or causing to be employed certain recording equipment in order to record electronic conversation/s with Plaintiff without the knowledge or consent of Plaintiff, in violations of the Federal Wiretap Act, 18 U.S.C. § 2510, *et seq.*, (the "Wiretap Act") and California Penal Code §§ 630 *et seq.*, thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2.      The Federal Legislature passed the Wiretap Act to protect the privacy of the people of the United States. The Wiretap Act is clear in its prohibition against intentional unauthorized taping or interception of any wire, oral, or electronic communication. In addition to other relevant sections, the Wire Tap Act states that any person who; "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication" has violated the act. 18 U.S.C. §2511. The only intent required by the Wiretap Act is that the act of recording itself be done intentionally.  There is no requisite intent on behalf of the party doing the surreptitious recording to break the law, or to invade the privacy right of any other person. Plaintiff alleges that Defendant continues to violate 18 U.S.C. § 2510, *et seq.*, by impermissibly recording its electronic conversations with United States residents via the chat feature on Defendant's website.

3 .      California Penal Code § 631 prohibits anyone (1) that "by means of any machine, instrument, contrivance, or in any other manner" intentionally taps or makes any unauthorized connection with any "telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system," or (2) who "reads, or attempts to read, or to learn the contents" of a communication "without the consent of all parties to the communication," or (3) who "uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the

2

**CLASS ACTION COMPLAINT**

acts or things mentioned above in this section." The only intent required by the California Penal Code § 631 is that the act of recording itself be done intentionally. There is no requisite intent on behalf of the party doing the surreptitious recording to break the law, or to invade the privacy right of any other person. Plaintiff alleges that Defendant continues to violate California Penal Code § 631 by impermissibly recording its electronic conversations with California residents via the chat feature on Defendant's website and upon information and belief allows, aids, and abets a third party to intercept and eavesdrop on the electronic conversations.

4.    California Penal Code § 632 prohibits one party to a communication from intentionally recording the conversation without the knowledge or consent of the other. Penal Code § 632 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed. The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally. There is no requisite intent on behalf of the party doing the surreptitious recording to break California or any other law, or to invade the privacy right of any other person. Plaintiff alleges that despite California's two-party consent rule, Defendant continues to violate Penal Code § 632 by impermissibly recording its electronic conversations with California residents.

5.    California Penal Code § 632.7 prohibits one party to a communication from intentionally recording the conversation without the knowledge or consent of the other while the person being recorded is on a cellular telephone. Penal Code § 632.7 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed. The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally. There is no requirement under California Penal Code § 632.7 that the communication be confidential. Plaintiff alleges that Defendant continues to violate Penal Code § 632.7 by impermissibly recording its electronic conversations with California residents while said residents are on cellular telephones.

## JURISDICTION AND VENUE

6.    This Court has personal jurisdiction over Defendant. Defendant AMAZON.COM, INC. conducted business within the State of California, has purposely availed itself of the benefits

3

**CLASS ACTION COMPLAINT**

and protections of the State of California, and/or has sufficient contact with this State such that maintenance of this action in this locale would be consistent with traditional notions of fair play and substantial justice. Therefore, personal jurisdiction is present, and this Court has jurisdiction.

7.      Venue is proper in the Superior Court of the state of California for the County of Yolo because Defendant does business within this County and a substantial part of the events complained of herein occurred in this County.

## PARTIES

8.      Plaintiff BRIAN HEINZ is, and at all times mentioned herein was, a citizen and resident of the State of California. Plaintiff is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153 (39).

9.      Defendant is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39). Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of Yolo, and within this judicial district.

10.      The above-named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendant." The true names and capacities of the Defendant sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sue such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

11.      Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

4
**CLASS ACTION COMPLAINT**

### FACTUAL ALLEGATIONS

10.     On or around July 2022 through September 2022, Plaintiff Heinz, using his cellular phone, visited Defendant's website on occasions and had conversations with Defendant via the chat feature on Defendant's website. The conversations included inquiries about shipping disputes related to products purchased on Defendant's website. At no time during these conversations did Defendant disclose to Plaintiff Heinz that it was recording the conversations.

11.     Defendant, however, did in fact record its conversations with Plaintiff Heinz.

12.     On information and belief, it is Defendant's practice to record all communications that occur on its website, use the recorded conversations, and also allow, aid, and abet a third party to intercept and eavesdrop on the conversations.

13.     The contents of the conversations between Defendant and Plaintiff that were recorded by Defendant were confidential in nature.

14.     At no point did Plaintiff have a reasonable expectation that any of the conversations with Defendant were being recorded because at no time did Defendant inform Plaintiff that it was recording their conversations. Had Plaintiff known that the conversations were being recorded by Defendant, Plaintiff would have conducted himself differently.

15.     It is Defendant's pattern and practice to record conversations via its website chat feature made to Untied States and California residents. Defendant does not inform, or warn, United States and California residents, including Plaintiff, that the conversations may be or will be recorded. Plaintiff was unaware that the conversations he made to Defendant in California were recorded. There was no pre-conversation notice that the conversations were being recorded. Defendant's representatives never informed Plaintiff that the conversations via the chat feature on Defendant's website were being recorded, until they were directly asked.

16.     Plaintiff did not learn that Defendant recorded the conversations until after the recording had already been made.

### ACCRUAL OF RIGHTS TO PRIVACY CLAMS, CONTINUING VIOLATION, EQUITABLE TOLLING, AND FRAUDULENT CONCEALMENT

19.     Plaintiff did not discover, and could not discover through the exercise of reasonable diligence, the fact that Defendant was recording the conversations between Plaintiff and members of the Classes and Defendant without their knowledge or consent.

20.     Defendant concealed from Plaintiff and members of the Classes that it was recording the conversations between itself on the one hand and Plaintiff or other members of the Classes on the other hand.

21.     Defendant concealed the fact that it was recording the afore-mentioned conversations to create the false impression in the minds of Plaintiff and members of the Classes that they were not being recorded.  At the outset of the conversations there was no warning that they were, or even may, be recorded.  Such warnings are ubiquitous today.

### CLASS ACTION ALLEGATIONS

22.     Plaintiff brings this action individually and on behalf of and all others similarly situated, as members of the proposed class (hereinafter "the Nationwide Class") defined as follows:

> All persons in the United States whose inbound and outbound conversations via the chat feature on Defendant's website were intercepted by Defendant or its agent/s within the applicable statute of limitations.

23.     Plaintiff brings this action individually and on behalf of and all others similarly situated, as members of the proposed class (hereinafter "the California Class") defined as follows:

> All persons in California whose inbound and outbound conversations via the chat feature on Defendant's website were recorded without their consent by Defendant or its agent/s within the one year prior to the filing of this action.

24.     Plaintiff also brings this action on behalf of himself and as members of the proposed subclass (hereinafter "the California Cellphone Subclass") defined as follows:

> All persons in California whose inbound and outbound conversations via the chat feature on Defendant's website that were made with their cellular telephones and were recorded without their consent by

6

Defendant or its agent/s within the one year prior to the filing of this action.

25.     The California Class and California Cellphone Subclass will herein be collectively referred to as "the California Classes."

26.     The Nationwide Class, the California Class, and the California Cellphone Subclass will hereinafter be collectively referred to as "the Classes."

27.     Defendant and its employees or agents are excluded from the Classes.  Plaintiff does not know the number of members in the Classes, but believes members of the Classes number in the thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

28.     Plaintiff and members of the Classes were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally recording inbound and outbound conversations via the chat feature on Defendant's website without their consent within the one year prior to the filing of the original Complaint in this action.  Plaintiff and members of the Classes were damaged thereby.

29.     This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Classes, and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand definition of the Classes to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

30.     The joinder of members of the Classes is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The Classes can be identified through Defendant's records or Defendant's agents' records.

31.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Classes predominate over questions which may affect individual member of the Classes, including the following:

    a.  Whether Defendant has a policy of recording incoming and/or outgoing conversations via the chat feature on Defendant's website;

7

b. Whether Defendant has a policy of recording incoming and/or outgoing conversations via the chat feature on Defendant's website;

c. Whether Defendant discloses and/or obtains consent from members of the Classes that their incoming and/or outgoing conversations via the chat feature on Defendant's website were being recorded;

d. Whether Defendant's policy or practice of intercepting the electronic communications of members of the Classes constitutes a violation of 18 U.S.C. §2520;

e. Whether Defendant's policy of recording incoming and/or outgoing conversations via the chat feature on Defendant's website to cellular telephones constituted a violation of California Penal Code §§ 631, 632(a), 632.7; and 637;

f. Whether Plaintiff, and the Classes were damaged thereby, and the extent of damages for such violations; and

g. Whether Defendant should be enjoined from engaging in such conduct in the future.

32.     As an individual whose conversations via the chat feature on Defendant's website with Defendant made from his cellphone were recorded without notice or consent, Plaintiff is asserting claims that are typical of the Classes because every other member of the Classes, like Plaintiff, was exposed to virtually identical conduct and is entitled to the greater of statutory damages.

33.     Plaintiff will fairly and adequately represent and protect the interests of the Classes in that Plaintiff has no interests antagonistic to any member of the Classes.

34.     Plaintiff and the members of the Classes have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, the Classes will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual members of the Classes' claims, few, if any, members of the Classes could afford to seek legal redress for the wrongs complained of herein.

8

**CLASS ACTION COMPLAINT**

35.    Plaintiff has retained counsel experienced in handling class action claims to further ensure such protection.

36.    A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with California and federal law.  The interest of members of the Classes in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

37.    Defendant has acted on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Classes as a whole.

### FIRST CAUSE OF ACTION

#### VIOLATION OF THE WIRETAP ACT, 18 U.S.C. §§ 2510, *et seq.*

##### ON BEHALF OF THE NATIONWIDE CLASS

38.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39.    The Wiretap Act, as amended by the Electronic Communications and Privacy Act of 1986, prohibits the intentional interception of any wire or electronic communication. Under 18 U.S.C. § 2520(a) there is a private right of action to any person whose wire, oral, or electronic communication is intercepted.

40.    Plaintiff and Nationwide Class Members are persons whose electronic communications were intercepted by Defendant.

41.    Defendant intercepted Plaintiff's and Nationwide Class members' electronic communications without consent when Plaintiff and Nationwide Class Members had conversations via the chat feature with Defendant or its Agent/s on its website.

42.    Plaintiff and Nationwide Class Members were unaware Defendant or its Agent/s was intercepting their electronic communications and tracking their communications and interactions. Defendant intentionally utilized technology as a means of intercepting and acquiring

9

**CLASS ACTION COMPLAINT**

the contents of Plaintiff's and Nationwide Class Members' electronic communications, in violation of 18 U.S.C. § 2511.

43.     As such, Plaintiff and Nationwide Class members are entitled to preliminary, equitable, and declaratory relief, in addition to statutory damages of the greater of $10,000 or $100 per day for each violation, actual damages, punitive damages, and reasonable attorneys' fees and costs under 18 U.S.C. § 2520.

### SECOND CAUSE OF ACTION

### INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 631

*ON BEHALF OF THE CALIFORNIA CLASSES ONLY*

44.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45.     Californians have a constitutional right to privacy.  Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 632. "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy." (Citations omitted).  Thus, Plaintiff believes that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 631 prohibiting the recording of conversations without the knowledge or consent of all parties to the conversation.

46.     California Penal Code § 631 prohibits anyone (1) that "by means of any machine, instrument, contrivance, or in any other manner" intentionally taps or makes any unauthorized connection with any "telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system," or (2) who "reads, or attempts to read, or to learn the contents" of a communication "without the consent of all parties to the communication," or (3) who "uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or

**CLASS ACTION COMPLAINT**

conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section."

47.     Plaintiff is informed and believes, and thereupon alleges, that Defendant employed and/or caused to be employed certain recording equipment on the communication lines, wires, and/or cables of all employees, officers, directors, and managers of Defendant.

48.     Plaintiff is informed and believes, and thereupon alleges, that all these devices were maintained and utilized to record each and every inbound and outbound conversation over said lines, wires, and/or cables.

49.     Plaintiff is informed and believes, and thereupon alleges, that it is Defendant's practice to record all communications that occur on its website via the chat feature, use the recorded conversations, and allow, aid, and abet a third party to intercept and eavesdrop on the conversations.

50.     By using software to track, record, and attempt to learn the contents of Plaintiff's and members of the California Classes' electronic communications, Defendant intentionally tapped the lines, wires, and/or cables of internet communications of Plaintiff and members of the California Classes, on the one hand, and Defendant on the other hand, as alleged herein.

51.     Defendant willfully and without consent, read or attempted to read or learn the contents or meaning of electronic communications of Plaintiff and members of the California Classes, while the electronic communications were in transit or passing over a wire, line and/or cable or were being sent from or received at a place in California.

52.     Said recording equipment was used to record the conversations of Plaintiff and the members of the California Classes, all in violation of California Penal Code § 631.

53.     At no time during which these conversations were taking place between Defendant or any employee, agent, manager, officer, or director of Defendant, and any other person, did Defendant inform Plaintiff or any other member of the California Classes that the recording of their conversations were taking place and at no time did Plaintiff or any other member of the California Classes consent to this activity.

11

**CLASS ACTION COMPLAINT**

54.     Defendant, knowing that this conduct was unlawful and a violation of Plaintiff's and the members of the California Classes' right to privacy and a violation of California Penal Code § 630, *et seq.*, did intrude on Plaintiff and the members of the California Classes privacy by knowingly and/or negligently and/or intentionally engaging in the aforementioned recording activities relative to the conversations between Plaintiff and members of the California Classes, on the one hand, and Defendant on the other hand, as alleged herein above.

55.     Based on the foregoing, Plaintiff and the members of the California Classes are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 631; and California Penal Code § 637.2.

56.     Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and the California Classes seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

### THIRD CAUSE OF ACTION

### INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632

*ON BEHALF OF THE CALIFORNIA CLASSES ONLY*

57.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58.     Californians have a constitutional right to privacy.  Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 631. "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy." (Citations omitted).  Thus, Plaintiff believes that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of conversations without the knowledge or consent of all parties to the conversation.

12

**CLASS ACTION COMPLAINT**

59.     California Penal Code § 632 prohibits one party to a conversation from intentionally recording the conversation without the knowledge or consent of the other party. Penal Code § 632 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed that the conversation was recorded. The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally. There is no requisite intent on behalf of the party doing the surreptitious recording to break California law or any other law, or to invade the privacy right of any other person.

60.     Plaintiff is informed and believes, and thereupon alleges, that Defendant employed and/or caused to be employed certain recording equipment on the communication lines, wires, and/or cables of all employees, officers, directors, and managers of Defendant.

61.     Plaintiff is informed and believes, and thereupon alleges, that all these devices were maintained and utilized to record each and every inbound and outbound conversation over said lines, wires, and/or cables.

62.     Said recording equipment was used to record the conversations of Plaintiff and the members of the California Classes, all in violation of California Penal Code § 632.6(a).

63.     At no time during which these conversations were taking place between Defendant or any employee, agent, manager, officer, or director of Defendant, and any other person, did Defendant inform Plaintiff or any other member of the  California Classes that the recording of their conversations were taking place and at no time did Plaintiff or any other member of the California Classes consent to this activity.

64.     Defendant, knowing that this conduct was unlawful and a violation of Plaintiff's and the members of the  California Classes' right to privacy and a violation of California Penal Code § 630, *et seq.*, did intrude on Plaintiff and the members of the California Classes' privacy by knowingly and/or negligently and/or intentionally engaging in the aforementioned recording activities relative to the conversations between Plaintiff and members of the California Classes, on the one hand, and Defendant on the other hand, as alleged herein above.

**CLASS ACTION COMPLAINT**

65.     Based on the foregoing, Plaintiff and the members of the California Classes are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 637.2.

66.     Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and the California Classes seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

### FOURTH CAUSE OF ACTION

#### INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632.7

*ON BEHALF OF THE CALIFORNIA CELLPHONE SUBCLASS ONLY*

67.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as stated herein.

68.     Californians have a constitutional right to privacy.  Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 632. "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy." (Citations omitted).  Thus, Plaintiff believes that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of conversations without the knowledge or consent of all parties to the conversation.

69.     California Penal Code § 632.7 prohibits in pertinent part "[e]very person who, without the consent of all parties to a communication…intentionally records, or assists in the…intentional recordation of, a communication transmitted between two cellular radio telephones [or] a cellular radio telephone and a landline telephone." Thus, on its face, California Penal Code § 632.7 precludes the recording of all communications involving a cellular telephone.

70.     Though similar, California Penal Code § 632 and 632.7 are not duplicative and protect separate rights.  California Penal Code § 632.7 grants a wider range of protection to

14

**CLASS ACTION COMPLAINT**

conversations where one participant uses a cellular phone or cordless phone. For example, the "confidential communication" requirement of California Penal Code § 632 is absent from California Penal Code § 632.7.

71.    Defendant caused to be employed certain recording equipment on the communication lines, wires, and/or cables of all employees, officers, directors, and managers of Defendant.

72.    Plaintiff is informed and believes, and thereupon alleges, that all these devices were maintained and utilized to record each and every inbound and outbound conversation over said lines, wires, and/or cables lines.

73.    Said recording equipment was used to record the conversations of Plaintiff and the members of the California Cellphone Subclass, utilizing cellular telephones, all in violation of California Penal Code § 632.7.

74.    Based on the foregoing, Plaintiff and the members of the California Cellphone Subclass are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 632.7; and California Penal Code § 637.2.

75.    Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and the California Cellphone Subclass seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

**FIFTH CAUSE OF ACTION**

**CALIFORNIA UNFAIR COMPETITION LAW ("UCL"): VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.***

*ON BEHALF OF THE CALIFORNIA CLASSES ONLY*

76.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as stated herein.

77.    Plaintiffs and Defendants are "persons" within the meaning of the UCL. Cal. Bus. & Prof. Code § 17201.

15

**CLASS ACTION COMPLAINT**

78.     The UCL defines unfair competition to include any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. Prof. Code § 17200.

79.     By proscribing any unlawful business practice, § 17200 borrows violations of other laws and treats them as unlawful practices that the UCL makes independently actionable. Virtually any law or regulation—federal or state, statutory, or common law—can serve as a predicate for a UCL "unlawful" violation.

80.     In the course of conducting business, Defendant committed and is committing unlawful business practices by, among other things, violating the Federal Wiretap Act, 18 U.S.C. §§ 2510, *et seq.*; California Penal Code § 631; California Penal Code § 632; and California Penal Code § 632.7 as described herein.

81.     Defendant's conduct, described herein, also violates the "unfair prong" of the UCL because the conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits. Defendant's conduct is unfair in that the harm to Plaintiff and members of the California Classes arising from Defendant's conduct outweighs the utility, if any, of those practices. As noted above, federal and state law has created a public policy against secretly recording consumers' communications without their express consent. Defendant has violated and is currently violating this public policy.

82.     Unless restrained and enjoined, Defendant will continue to engage in the unlawful, and unfair conduct described herein. Accordingly, Plaintiff, individually and on behalf of all others similarly situated, and on behalf of the general public, seeks an injunction prohibiting Defendant from continuing and further engaging in its unlawful and unfair conduct, and awarding all other relief this Court deems appropriate.

83.     Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and the California Classes seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

**CLASS ACTION COMPLAINT**

## PRAYER FOR RELIEF

### FIRST CAUSE OF ACTION FOR VIOLATION OF THE FEDERAL WIRETAP ACT, 18 U.S.C. § 2510, *et seq.*

Wherefore, Plaintiff respectfully request the Court grant Plaintiff and members of the Classes the following relief against Defendant:

84. That this action be certified as a class action on behalf of the Nationwide Class and Plaintiff be appointed as the representative of the Nationwide Class;

85. For the greater of statutory damages of $10,000 or $100 per day for each violation of 18 U.S.C. § 2510, *et seq.*, pursuant to 18 U.S.C. § 2520(b)(2) and 18 U.S.C. § 2520(c)(2)(B);

86. Injunctive relief in the form of an order requiring Defendant to disgorge all ill-gotten gains and awarding Plaintiff, the Nationwide Class full restitution of all monies wrongfully acquired by Defendant by means of such unfair and unlawful conduct;

87. That the Court preliminarily and permanently enjoin Defendant from recording each and every oncoming and outgoing conversations via the chat feature on Defendant's website with United States residents, including Plaintiff and the Nationwide Class, without their prior consent and to maintain the confidentiality of the information of Plaintiff and the Nationwide Class;

88. For punitive damages, pursuant to 18 U.S.C. § 2520(b)(2);

89. For attorney's fees and costs, pursuant to 18 U.S.C. § 2520(b)(3);

90. For prejudgment interest at the legal rate; and

91. For such further relief as this Court deems necessary, just, and proper.

### SECOND AND THIRD CAUSES OF ACTION FOR INVASION OF PRIVACY: VIOLATIONS OF PENAL CODE §§ 631 AND 632

Wherefore, Plaintiff respectfully request the Court grant Plaintiff and members of the California Classes the following relief against Defendant:

92. That this action be certified as a class action on behalf of the California Classes and Plaintiff be appointed as the representative of the California Classes;

**CLASS ACTION COMPLAINT**

93. For the greater of statutory damages of $5,000 per violation or three times actual damage per violation pursuant to Penal Code § 637.2(a) for Plaintiff and each member of the California Classes;

94. Injunctive relief in the form of an order requiring Defendant to disgorge all ill-gotten gains and awarding Plaintiff, the California Classes full restitution of all monies wrongfully acquired by Defendant by means of such unfair and unlawful conduct;

95. That the Court preliminarily and permanently enjoin Defendant from recording each and every oncoming and outgoing conversations via the chat feature on Defendant's website with California residents, including Plaintiff and the California Classes, without their prior consent, as required by California Penal Code § 630, *et seq.*, and to maintain the confidentiality of the information of Plaintiff and the California Classes;

96. For exemplary or treble damages;

97. For attorney's fees and costs, pursuant to Cal. Code of Civ. Proc. § 1021.5;

98. For prejudgment interest at the legal rate; and

99. For such further relief as this Court deems necessary, just, and proper.

### FOURTH CAUSE OF ACTION FOR INVASION OF PRIVACY:
### VIOLATION OF PENAL CODE § 632.7

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and members of the California Cellphone Subclass the following relief against Defendant:

100. That this action be certified as a class action on behalf of the California Cellphone Subclass and Plaintiff be appointed as the representative of the California Cellphone Subclass;

101. For statutory damages of $5,000 per violation pursuant to Penal Code § 637.2(a) for Plaintiff and each member of the California Cellphone Subclass;

102. For $2,500 per violation of California Penal Code § 632.7 for Plaintiff and each member of the California Cellphone Subclass;

**CLASS ACTION COMPLAINT**

103.    Injunctive relief in the form of an order prohibiting Defendant from unilaterally recording conversations  via the chat feature on Defendant's website, without first informing and receiving consent from the other party to the conversation;

104.    That the Court preliminarily and permanently enjoin Defendant from recording each and every oncoming and outgoing conversation via the chat feature on Defendant's website with California resident, including Plaintiff and the California Cellphone Subclass, without their prior consent, as required by California Penal Code § 630, *et seq*., and to maintain the confidentiality of the information of Plaintiff and the California Cellphone Subclass;

105.    For general damages according to proof;

106.    For costs of suit;

107.    For prejudgment interest at the legal rate;

108.    For attorney's fees and costs, pursuant to Cal. Code of Civ. Proc. § 1021.5; and,

109.    For such further relief as this Court deems necessary, just, and proper.

### FIFTH CAUSE OF ACTION:

### VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and members of the California Classes the following relief against Defendant:

110.    That this action be certified as a class action on behalf of the California Classes and Plaintiff be appointed as the representative of the California Classes;

111.    Injunctive relief in the form of an order requiring Defendant to disgorge all ill-gotten gains and awarding Plaintiff and the California Classes full restitution of all monies wrongfully acquired by Defendant by means of such unfair and unlawful conduct;

112.    That the Court preliminarily and permanently enjoin Defendant from recording each and every oncoming and outgoing conversations via the chat feature on Defendant's website with California residents, including Plaintiff and the California Classes, without their prior consent, and to maintain the confidentiality of the information of Plaintiff and the California Classes;

19

**CLASS ACTION COMPLAINT**

113.  For attorney's fees and costs, pursuant to Cal. Code of Civ. Proc. § 1021.5;

114.  For prejudgment interest at the legal rate; and

115.  For such further relief as this Court deems necessary, just, and proper.

**Trial By Jury**

116.  Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: January 10, 2023                                    **CROSNER LEGAL, P.C.**

BY:  ___/s/___Zachary M. Crosner___
                              ZACHARY M. CROSNER, ESQ.
                              ATTORNEYS FOR PLAINTIFF

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Thomas E. Wheeler (SBN 308789)
Meghan E. George (SBN 274525)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd, Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
twheeler@toddflaw.com
mgeorge@toddflaw.com

20

**CLASS ACTION COMPLAINT**