CROSNER LEGAL, P.C.
Zachary M. Crosner (SBN 272295)
Chad A. Saunders (SBN 257810)
Craig Straub (SBN 249032)
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (310) 496-5818
Fax: (310) 510-6429
zach@crosnerlegal.com
chad@crosnerlegal.com
craig@crosnerlegal.com

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiff, and all other similarly situated*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| BRIAN HEINZ, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> AMAZON.COM, INC. and DOES 1 through 10, inclusive, and each of them, <br><br> Defendants. | Case No. 2:23-cv-00282-WBS-AC <br><br> **CLASS ACTION** <br><br> **FIRST AMENDED COMPLAINT FOR VIOLATIONS OF:** <br><br> **(1) CALIFORNIA PENAL CODE § 632; AND** <br><br> **(2) CALIFORNIA UNFAIR COMPETITION LAW, CALIFORNIA BUS. & PROF. CODE §§ 17200,** *et seq.* <br><br> Assigned to the Hon. William B. Shubb <br><br> Action Filed: January 11, 2023 <br> Action Removed: February 15, 2023 <br><br> **DEMAND FOR JURY TRIAL** |

1. BRIAN HEINZ ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of AMAZON.COM, INC. ("Defendant" or "Amazon"), its related entities, subsidiaries and agents in knowingly, and/or willfully employing and/or causing to be employed certain recording equipment in order to record electronic conversation/s with Plaintiff without the knowledge or consent of Plaintiff, in violations of the California Penal Code §§ 630 *et seq.*, thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. California Penal Code § 632 prohibits one party to a communication from intentionally recording the conversation without the knowledge or consent of the other.  Penal Code § 632 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed. The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally.  There is no requisite intent on behalf of the party doing the surreptitious recording to break California or any other law, or to invade the privacy right of any other person.  Plaintiff alleges that despite California's two-party consent rule, Defendant continues to violate Penal Code § 632 by impermissibly recording its electronic conversations with California residents.

## JURISDICTION AND VENUE

3. This Court has personal jurisdiction over Defendant. Defendant AMAZON.COM, INC. conducted business within the State of California, has purposely availed itself of the benefits and protections of the State of California, and/or has sufficient contact with this State such that maintenance of this action in this locale would be consistent with traditional notions of fair play and substantial justice.  Therefore, personal jurisdiction is present, and this Court has jurisdiction.

4. Defendant removed this action to federal court, and Plaintiff does not

contest federal jurisdiction under CAFA.

5. Venue is proper in the Eastern District of California because Defendant does business within this District and a substantial part of the events complained of herein occurred in this County.

## PARTIES

6. Plaintiff BRIAN HEINZ is, and at all times mentioned herein was, a citizen and resident of the State of California. Plaintiff is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153 (39).

7. Defendant is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39). Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and within this judicial district.

8. The above-named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendant." The true names and capacities of the Defendant sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sue such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

9. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

# FACTUAL ALLEGATIONS

10. On or around July 2022 through September 2022, Plaintiff Heinz, using his cellular phone, visited Defendant's website on occasions and had conversations with Defendant via the chat feature on Defendant's website. The conversations included inquiries about shipping disputes related to products purchased on Defendant's website. At no time during these conversations did Defendant disclose to Plaintiff Heinz that it was recording the conversations.

11. Defendant, however, did in fact record its conversations with Plaintiff Heinz.

12. It is Defendant's practice to record all chat transcripts with customers on its website. If a user asks Defendant whether the chat conversations are recorded and asks for a transcript, Defendant states:

> You can take a screenshot in this conversation since we don't have an option to send it. No worries, this conversation is also recorded. If in case you contact back we can still review it.

13. Defendant does so intentionally, as it purchased and utilized chat recording software to record chats with consumers who speak to its chat bots in such a manner, for purposes of monitoring their website activity, advertising, security, and customer service. The recording of a confidential conversation is intentional "if the person using the recording equipment does so with the purpose or desire of recording a confidential conversation, or with the knowledge to a substantial certainty that his use of the equipment will result in the recordation of a confidential conversation." *People v. Super. Ct.* (*Smith*), 70 Cal. 2d 123, 134 (1969). It is facially implausible for Defendant to have *unintentionally* recorded Plaintiff's chats, as well as the chats with other consumers, after having purchased/programmed and implemented software to do so.

14. As the California Supreme Court has held, "California clearly has an interest in protecting the privacy of telephone conversation of California residents while they are in California." *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th

3

**FIRST AMENDED CLASS ACTION COMPLAINT**

95, 104 (2006). A conversation is confidential where a party to that conversation has an objectively reasonable expectation that the conversation is not being overheard or recorded. *Flanagan v. Flanagan*, 27 Cal. 4th 766, 775 (2002). "California consumers are accustomed to being informed at the outset of a telephone call whenever a business entity intends to record the call...in the absence of such an advisement, a California consumer reasonably would anticipate that such a telephone call is not being recorded, particularly in view of the strong privacy interest most persons have with regard to the personal financial information frequently disclosed in such calls." *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 118 fn. 10 (2006). Plaintiff asserts that these same expectations of privacy hold true for California Consumers with respect to chat transcripts, which are equivalent to telephone conversations with customer service agents, as they relate to the same topics and content.

15. Plaintiff, and other members of the Class had a reasonable expectation of privacy concerning that their chat transcripts with Defendant because 1) they were speaking to a business entity via a protected communication (See *Javier v. Assurance IQ, LLC*, No. 21-16351, 2022 WL 1744107 (9th Cir. May 31, 2022)), 2) business entities, as the California Supreme Court held, are required to dispel reasonable expectations of privacy as to such communications are not being recorded by providing a conspicuous recording advisory at the outset of the communication if they plan to record said communication, 3) Defendant failed to so advise Plaintiff and other Class Members, and 4) these communications were customer service communications, which involve communications of a nature that a reasonable consumer has come to expect are not being recorded unless so told they were not being recorded.

16. Defendant received Plaintiff's chat transcript by communicating with Plaintiff over a confidential line of communication, which the California Supreme

4

**FIRST AMENDED CLASS ACTION COMPLAINT**

Court has observed is sufficient under the requirement of interception or receipt of a recorded communication. *See Smith v. LoanMe, Inc.*, 11 Cal.5th 183 (2021).

17. On information and belief, it is Defendant's practice to record all communications that occur on its website, use the recorded conversations, and also allow, aid, and abet a third party to intercept and eavesdrop on the conversations.

18. For example, published research titled *Mining the Minds of Customers from Online Chat Logs* [1] has noted that companies secretly use recorded chat conversation for data mining, marketing, and advertising purposes. "Analyzing text logs in live chats can help identify what customers are saying about products and services as well as how well the support staff is performing, which is crucial for improving customer experience." The researchers found that there is a "wealth of data in live chat systems" which provides the opportunity to "analyzing unstructured chat content, we can extract the possible feedbacks buried in chat logs and determine (1) what topics are being discussed in chat logs, (2) what sentiments those chats accompany, and (3) what the overall satisfaction level of customers is."

19. An article titled *Conversations with customers are an untapped data goldmine for businesses*[2] stated that "achieving the elusive '360 degree view of the customer' has become the holy grail for brands." In fact, the author noted the data provided by customer chat conversation is the goldmine because it "untapped" data of "what a customer is actually saying." Live chat features "allow customers to communicate with brands in the same personal and immediate way they interact with friends and family. And they're doing it in huge numbers." "An ability to collect, store, aggregate, analyze, and ultimately act upon the actual words customers are saying to them, would surely enable brands to deliver the type of intelligent and

---

[1] Kunwoo Park, Jaewoo Kim, Jaram Park, Meeyoung Cha, Jiin Nam, Seunghyun Yoon, and Eunhee Rhim. 2015. *Mining the Minds of Customers from Online Chat Logs*. In Proceedings of the 24th ACM International on Conference on Information and Knowledge Management (CIKM '15). Association for Computing Machinery, New York, NY, USA, 1879–1882.

[2] Warren Levitan, *Conversations with customers are an untapped data goldmine for businesses*, The Next Web (April 14, 2019).

5

**FIRST AMENDED CLASS ACTION COMPLAINT**

seamless experiences their customers pine for." "This rise of business messaging is sset to product a treasure trove of conversational data – chat history and context – that business can begin to use and gain a more complete and personal view of their customers. *It's the juiciest of low-hanging fruit*."

20. As one of the largest data miners in the world, Amazon is certainly utilizing its customer's chat conversations as an asset. "Most live chat platforms incorporate real-time data and analytics tools that can enable you to pinpoint what's working and what can be improved."[3] Utilizing the recorded live chat conversations helps companies like Amazon "get one over your competition." "Live chat software will allow you to store previous conversations. Utilize this feature by giving operatives time to scan through historical conversations with repeat customers. This can help them to: Identify what problems they've had previously. Let's say a previous problem wasn't resolved. In this case, the operative can be prepared to pick up the conversation right where it left off. Learn what products they've previously purchased (and consequently, are likely to purchase this time around). Establish the 'type' of customer they're about to talk to and the style of language they use and will respond best to. The contents of the conversations between Defendant and Plaintiff that were recorded by Defendant were confidential in nature."

21. At no point did Plaintiff have a reasonable expectation that any of the conversations with Defendant were being recorded because at no time did Defendant inform Plaintiff that it was recording their conversations. Had Plaintiff known that the conversations were being recorded by Defendant, Plaintiff would have conducted himself differently.

22. Defendant failed to provide Plaintiff with a recording advisory at the outset of the recorded chat communication, as required by the California Supreme Court and as expected by California consumers when carrying on private

---

[3] Sujan Patel, *How To Leverage Live Chat for Marketing & User Acquisition [Growth Hack]*, LinkedIn (October 6, 2015).

communication with businesses.  As shown below, Amazon provides no disclaimer or any kind of notice that it is recording the chat conversations with its customers:



23. To make matters worse, Amazon's competitors *do* inform their customers that the live chat conversations are recorded. Several other popular websites clearly disclose that the conversations via the live chat feature are being recorded in compliance with California law. For example, when a user opens the chat feature on apple.com, it states "Apple may record the following chat for quality control and training purposes. We also use cookies to save your chat history and connect it to purchases":

7
**FIRST AMENDED CLASS ACTION COMPLAINT**



24. When a user opens the chat feature on dell.com, it states that "Any data collected here will be processed per Dell's applicable **Privacy Statement**":

8

**FIRST AMENDED CLASS ACTION COMPLAINT**



25. When a Version customer opens the live chat feature it states "Please note that we may monitor or retain this chat":



26. It is Defendant's pattern and practice to record conversations via its website chat feature made to Untied States and California residents. Defendant does not inform, or warn, United States and California residents, including Plaintiff, that

the conversations may be or will be recorded.  Plaintiff was unaware that the conversations he made to Defendant in California were recorded.  There was no pre-conversation notice that the conversations were being recorded.  Defendant's representatives never informed Plaintiff that the conversations via the chat feature on Defendant's website were being recorded, until they were directly asked.

27. Plaintiff did not learn that Defendant recorded the conversations until after the recording had already been made.

**ACCRUAL OF RIGHTS TO PRIVACY CLAMS, CONTINUING VIOLATION, EQUITABLE TOLLING, AND FRAUDULENT CONCEALMENT**

28. Plaintiff did not discover, and could not discover through the exercise of reasonable diligence, the fact that Defendant was recording the conversations between Plaintiff and members of the Class and Defendant without their knowledge or consent.

29. Defendant concealed from Plaintiff and members of the Class that it was recording the conversations between itself on the one hand and Plaintiff or other members of the Class on the other hand.

30. Defendant concealed the fact that it was recording the afore-mentioned conversations to create the false impression in the minds of Plaintiff and members of the Class that they were not being recorded.  At the outset of the conversations there was no warning that they were, or even may, be recorded.  Such warnings are ubiquitous today.

## CLASS ACTION ALLEGATIONS

31. Plaintiff brings this action individually and on behalf of and all others similarly situated, as members of the proposed class (hereinafter "the Class") defined as follows:

> All persons in California whose inbound and outbound conversations via the chat feature on Defendant's website were recorded without their consent by Defendant or its agent/s within the one year prior to the filing of this action, through the date notice is provided to the Class.

32.     Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes members of the Class number in the thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

33.     Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally recording inbound and outbound conversations via the chat feature on Defendant's website without their consent within the one year prior to the filing of the original Complaint in this action.  Plaintiff and members of the Class were damaged thereby.

34.     This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand definition of the Class to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

35.     The joinder of members of the Class is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The Class can be identified through Defendant's records or Defendant's agents' records.

36.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual member of the Class, including the following:

    a. Whether Defendant has a policy of recording incoming and/or outgoing conversations via the chat feature on Defendant's website;

    b. Whether Defendant discloses and/or obtains consent from members of the Class that their incoming and/or outgoing conversations via the chat feature on Defendant's website were being recorded;

    c. Whether Defendant's policy of recording incoming and/or outgoing conversations via the chat feature on Defendant's website constituted a violation of California Penal Code § 632;

    d. Whether Plaintiff, and the Class were damaged thereby, and the extent of damages for such violations; and

    e. Whether Defendant should be enjoined from engaging in such conduct in the future.

37. As an individual whose conversations via the chat feature on Defendant's website with Defendant made from his cellphone were recorded without notice or consent, Plaintiff is asserting claims that are typical of the Class because every other member of the Class, like Plaintiff, was exposed to virtually identical conduct and is entitled to the greater of statutory damages.

38. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

39. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual members of the Class's claims, few, if any, members of the Class could afford to seek legal redress for the wrongs complained of herein.

40. Plaintiff has retained counsel experienced in handling class action claims to further ensure such protection.

41. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with California and federal law. The interest of members of the Class in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action

for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

42. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## First CAUSE OF ACTION

### INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632

*ON BEHALF OF THE CLASS*

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. Californians have a constitutional right to privacy. Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 632. "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy." (Citations omitted). Thus, Plaintiff believes that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of conversations without the knowledge or consent of all parties to the conversation.

45. California Penal Code § 632 prohibits one party to a conversation from intentionally recording the conversation without the knowledge or consent of the other party. Penal Code § 632 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed that the conversation was recorded. The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally. There is no requisite intent

on behalf of the party doing the surreptitious recording to break California law or any other law, or to invade the privacy right of any other person.

46. Plaintiff is informed and believes, and thereupon alleges, that Defendant employed and/or caused to be employed certain recording equipment on the communication lines, wires, and/or cables of all employees, officers, directors, and managers of Defendant.

47. Plaintiff is informed and believes, and thereupon alleges, that all these devices were maintained and utilized to record each and every inbound and outbound conversation over said lines, wires, and/or cables.

48. Said recording equipment was used to record the conversations of Plaintiff and the members of the Class, all in violation of California Penal Code § 632.6(a).

49. At no time during which these conversations were taking place between Defendant or any employee, agent, manager, officer, or director of Defendant, and any other person, did Defendant inform Plaintiff or any other member of the Class that the recording of their conversations were taking place and at no time did Plaintiff or any other member of the Class consent to this activity.

50. Defendant, knowing that this conduct was unlawful and a violation of Plaintiff's and the members of the Class's right to privacy and a violation of California Penal Code § 630, *et seq.*, did intrude on Plaintiff and the members of the Class's privacy by knowingly and/or negligently and/or intentionally engaging in the aforementioned recording activities relative to the conversations between Plaintiff and members of the Class, on the one hand, and Defendant on the other hand, as alleged herein above.

51. Based on the foregoing, Plaintiff and the members of the Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 637.2.

52. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and the Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

## SECOND CAUSE OF ACTION

### CALIFORNIA UNFAIR COMPETITION LAW ("UCL"): VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*

*ON BEHALF OF THE CLASS*

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as stated herein.

54. Plaintiffs and Defendants are "persons" within the meaning of the UCL. Cal. Bus. & Prof. Code § 17201.

55. The UCL defines unfair competition to include any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. Prof. Code § 17200.

56. By proscribing any unlawful business practice, § 17200 borrows violations of other laws and treats them as unlawful practices that the UCL makes independently actionable. Virtually any law or regulation—federal or state, statutory, or common law—can serve as a predicate for a UCL "unlawful" violation.

57. In the course of conducting business, Defendant committed and is committing unlawful business practices by, among other things, violating California Penal Code § 632 as described herein.

58. Defendant's conduct, described herein, also violates the "unfair prong" of the UCL because the conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits. Defendant's conduct is unfair in that the harm to Plaintiff and members of the Class arising from Defendant's conduct outweighs the utility, if any, of those practices. As noted above, federal and state law has created a public policy against secretly recording consumers' communications

without their express consent. Defendant has violated and is currently violating this public policy.

59.　Unless restrained and enjoined, Defendant will continue to engage in the unlawful, and unfair conduct described herein. Accordingly, Plaintiff, individually and on behalf of all others similarly situated, and on behalf of the general public, seeks an injunction prohibiting Defendant from continuing and further engaging in its unlawful and unfair conduct, and awarding all other relief this Court deems appropriate.

60.　Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and the Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

## PRAYER FOR RELIEF

### FIRST CAUSE OF ACTION FOR INVASION OF PRIVACY: VIOLATIONS OF PENAL CODE § 632

Wherefore, Plaintiff respectfully request the Court grant Plaintiff and members of the Class the following relief against Defendant:

61.　That this action be certified as a class action on behalf of the Class and Plaintiff be appointed as the representative of the Class;

62.　For the greater of statutory damages of $5,000 per violation or three times actual damage per violation pursuant to Penal Code § 637.2(a) for Plaintiff and each member of the Class;

63.　Injunctive relief in the form of an order requiring Defendant to disgorge all ill-gotten gains and awarding Plaintiff, the Class full restitution of all monies wrongfully acquired by Defendant by means of such unfair and unlawful conduct;

64.　That the Court preliminarily and permanently enjoin Defendant from recording each and every oncoming and outgoing conversations via the chat feature on Defendant's website with California residents, including Plaintiff and the Class,

without their prior consent, as required by California Penal Code § 630, *et seq.*, and to maintain the confidentiality of the information of Plaintiff and the Class;

65. For exemplary or treble damages;

66. For attorney's fees and costs, pursuant to Cal. Code of Civ. Proc. § 1021.5;

67. For prejudgment interest at the legal rate; and

68. For such further relief as this Court deems necessary, just, and proper.

## SECOND CAUSE OF ACTION:

## VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and members of the Class the following relief against Defendant:

69. That this action be certified as a class action on behalf of the Class and Plaintiff be appointed as the representative of the Class;

70. Injunctive relief in the form of an order requiring Defendant to disgorge all ill-gotten gains and awarding Plaintiff and the Class full restitution of all monies wrongfully acquired by Defendant by means of such unfair and unlawful conduct;

71. That the Court preliminarily and permanently enjoin Defendant from recording each and every oncoming and outgoing conversations via the chat feature on Defendant's website with California residents, including Plaintiff and the Class, without their prior consent, and to maintain the confidentiality of the information of Plaintiff and the Class;

72. For attorney's fees and costs, pursuant to Cal. Code of Civ. Proc. § 1021.5;

73. For prejudgment interest at the legal rate; and

74. For such further relief as this Court deems necessary, just, and proper.

## **Trial By Jury**

75. Plaintiff hereby requests a trial by jury on all issues so triable.

| | |
|---|---|
| Dated: April 21, 2023 | **CROSNER LEGAL, P.C.** |
| | BY: <u>/s/ Craig W. Straub</u> |
| | CRAIG W. STRAUB, ESQ. |

Zachary M. Crosner (SBN 272295)
Chad A. Saunders (SBN 257810)
Craig Straub (SBN 249032)
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (310) 496-5818
Fax: (310) 510-6429
zach@crosnerlegal.com
chad@crosnerlegal.com
craig@crosnerlegal.com

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Thomas E. Wheeler (SBN 308789)
Meghan E. George (SBN 274525)
21031 Ventura Blvd, Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
twheeler@toddflaw.com
mgeorge@toddflaw.com

*Attorneys for Plaintiff, and all other similarly situated*

**FIRST AMENDED CLASS ACTION COMPLAINT**

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 21, 2023

/s/ Craig W. Straub

CRAIG W. STRAUB
CROSNER LEGAL, P.C.
9440 Santa Monica Blvd. Suite 301 Beverly Hills, CA 90210
Tel: (310) 496-5818
Fax: (310) 510-6429
craig@crosnerlegal.com