UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| BRIAN HEINZ, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>AMAZON.COM, INC. and DOES 1 through 10, inclusive, and each of them,<br><br>    Defendants. | No. 2:23-cv-00282 WBS AC<br><br>MEMORANDUM AND ORDER RE: DEFENDANT'S MOTION TO TRANSFER OR, IN THE ALTERNATIVE, MOTION TO DISMISS |

----oo0oo----

    Brian Heinz ("plaintiff") brought this putative class action against Amazon.com ("defendant") seeking damages and injunctive relief for violations of California Penal Code § 632 and California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq. (First Am. Compl. (Docket No. 21).) Before the court is defendant's motion to transfer the case to the Western District of Washington pursuant to a forum selection clause or, in the alternative, motion to dismiss the Amended Complaint.

1

(Mot. (Docket No. 24).)

I.   Factual Background

Defendant operates an e-commerce website.  (Mot. at 2.) A customer must create an account before he or she is able to make a purchase through defendant's website.  (Id. at 2.)  In order to create an account, a customer must affirmatively agree to defendant's Conditions of Use (the "Conditions").  (Id.)  The Conditions are hyperlinked[1] in blue text directly below the "Create your Amazon account" button."  (Id.)  Customers must again accept the Conditions every time they sign into their account and every time they place an order.  (Id. at 3.)

The Conditions include both a "disputes" provision and an "applicable law" provision.  The "disputes" provision contains a forum-selection clause, which provides: "Any dispute or claim relating in any way to your use of any Amazon Service will be adjudicated in the state or Federal courts in King County, Washington, and you consent to exclusive jurisdiction and venue in these courts.  We each waive any right to a jury trial." (Id. at 4.)  The "applicable law" provision provides that Washington law governs any dispute.  (Id.)

Plaintiff has made numerous purchases through defendant's website. (First Am. Compl. ¶ 10.)  Between approximately July 2022 through September 2022, plaintiff visited defendant's website multiple times.  (Id.)  During some of these visits, plaintiff had conversations with defendant via the chat

---

[1]   A hyperlink is a type of text within a digital system that, when clicked on, takes the user to a specific link such as a webpage or document.

feature on the website. (Id.)  Plaintiff alleges that defendant did not disclose that it was recording these conversations. (Id. ¶¶ 11, 22.)  Moreover, plaintiff alleges that it is defendant's practice to record all chat transcripts with customers on its website. (Id. ¶ 12.)

## II. Motion to Transfer Venue[2]

Defendant moves to transfer this case to the Western District of Washington, pursuant to 28 U.S.C. § 1404(a), and in accordance with the forum selection clause contained within the Conditions. (Mot. at 9.)

### A. Legal Standard

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  A forum-selection clause may be enforced by a motion to transfer under § 1404(a). Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex., 571 U.S. 49, 52 (2013).  When a defendant files such a motion to transfer under § 1404(a), "a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." Id.  The party opposing the enforcement of a forum

---

[2]  Defendant requests that the court take judicial notice of four images of the Amazon.com Privacy Notice as it appeared on Amazon.com on four different dates (Exhibits G-J) and of the Washington Secretary of State's Business Information page for Amazon.com (Exhibit K).  The requests for judicial notice are denied because consideration of the documents is unnecessary to the court's resolution of the instant motion.

selection clause has the "heavy burden" of showing that it is "'unreasonable' under the circumstances." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 18 (1972).

B. Validity of the Forum-Selection Clause

Forum selection clauses "are presumptively valid" and "should be honored 'absent some compelling and countervailing reason.'" Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1140 (9th Cir. 2004) (quoting M/S Bremen, 407 U.S. at 12). A forum selection clause controls "unless the plaintiff ma[kes] a strong showing that: (1) the clause is invalid due to fraud or overreaching[;] (2) enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision[;] or (3) trial in the contractual forum will be so gravely difficult and inconvenient that the litigant will for all practical purposes be deprived of his day in court." Yei A. Sun v. Advanced China Healthcare, Inc., 901 F.3d 1081, 1088 (9th Cir. 2018) (quoting M/S Bremen, 407 U.S. at 18) (internal quotations omitted).

Here, plaintiff contends that the forum-selection clause should not be enforced because the clause (1) is invalid because plaintiff did not agree to the terms of the forum selection clause and some terms are unconscionable; (2) contravenes California's public policy prohibiting pre-dispute waivers of a jury trial; and (3) contravenes California's public policy protecting the right to privacy. (See generally Opp'n (Docket No. 27).) The court will address each argument in turn.

1. Agreeing to the Conditions and Unconscionability

Plaintiff contends that he did not agree to defendant's

4

1  Conditions because he was not required to specifically agree to
2  the Conditions, never saw the hyperlinks to the Conditions, never
3  signed a contract with Amazon, and was never provided a copy of
4  the contracts. (Opp'n at 4-5.) The court is not persuaded.
5  Multiple district courts have not only found similar Conditions
6  to be enforceable but have also found reasonable the specific
7  Conditions imposed by this defendant. See Rosskamm v.
8  Amazon.com, Inc., -- F. Supp. 3d --, 2022 WL 16534539, at *7
9  (N.D. Ohio Oct. 28, 2022) (collecting cases). For example, in
10 Rosskamm, the district court found Amazon's Conditions "to be
11 reasonably communicated to [p]laintiffs[] and thus enforceable"
12 "[b]ecause [d]efendant's [Conditions] [we]re contained in
13 language directly beneath the 'Sign-in,' 'Continue,' or 'Place
14 your order' buttons, in blue ink indicating a hyperlink and not
15 surrounded by other language or hidden in any way . . . ." Id.
16 at *8.
17         Here, the Conditions must be accepted in order for a
18 customer to make an account, every time the customer signs into
19 the account, and every time the customer places an order. (Mot.
20 at 3-4.) The Conditions are contained in language directly below
21 the "Create your Amazon account," "Continue," and "Place your
22 order" buttons, and are in blue font indicating a hyperlink.
23 (Id. at 2-3.) This court agrees with the findings of other
24 district courts and concludes that the Conditions are
25 sufficiently conspicuous and thus enforceable.
26         Plaintiff also argues that the Conditions cannot be
27 enforced because they contain several unconscionable terms. (See
28 Opp'n at 15-16.) Because the court may sever any unconscionable

5

provisions, see Circuit City Stores v. Adams, 279 F.3d 899, 895 (9th Cir. 2002), plaintiff must show that the forum selection clause is itself unconscionable.  Plaintiff appears to argue that the forum selection clause is unconscionable because the Conditions are a "one-sided" agreement.  (See Opp'n at 16.)  While it is unclear whether plaintiff's "one-sided" argument refers to the issue of mutuality or adhesion, both arguments fail.[3]

If plaintiff is arguing that the forum selection clause is unconscionable because it lacks mutuality, the clause expressly provides that both plaintiff and defendant are bound by it.  (See Matondo Decl. at 12 (Docket No. 24-1).)  If plaintiff is arguing the forum selection clause is unconscionable because it is a contract of adhesion, California courts enforce forum selection clauses within an adhesion contract "as long as the clause provide[s] adequate notice . . . ."  Intershop Commc'ns v. Superior Court, 104 Cal. App. 4th 191, 201-02 (1st Dist. 2002) (quoting Hunt v. Superior Court, 81 Cal. App. 4th 901, 908 (4th Dist. 2000)) (additional citation omitted).  The forum selection clause here expressly states that King County, Washington is the selected forum.  See Intershop Commc'ns, 104 Cal. App. 4th at 202

---

[3]  As explained by cases in the arbitration context upon which plaintiff relies, under California law, contractual clauses are unenforceable if they are both procedurally and substantively unconscionable.  See Armendariz v. Found. Health Psychcare Servs., 24 Cal. 4th 83, 114 (2000); Pokorny v. Quixtar, Inc., 601 F.3d 987, 996 (9th Cir. 2010).  A contract may be procedurally unconscionable where it is one of adhesion.  OTO, LLC v. Kho, 8 Cal.5th 111, 126 (2019); see also Davis v. Kozak, 53 Cal. App. 5th 897, 907 (2020) ("[A]dhesion establishes only a 'low' degree of procedural unconscionability").  A contract may be substantively unconscionable where it lacks mutuality.  See Pokorny, 601 F.3d at 997-98 (citing Abramson v. Juniper Networks, Inc., 115 Cal. App. 4th (6th Dist. 2004)).

(finding plaintiff had notice where the forum selection clause "plainly" stated Hamburg, Germany as the selected forum).[4]  The court therefore declines to find the forum selection clause unconscionable.

### 2. Pre-Dispute Jury Trial Waiver

Next, plaintiff argues that the forum selection clause should not be enforced because its pre-dispute jury trial waiver contravenes California public policy.  (Opp'n at 12.)  As discussed above, a forum selection clause will not be enforced where "enforcement would contravene a strong public policy of the forum in which suit is brought . . . ."  Yei A. Sun, 901 F.3d at 1088.  The party opposing transfer has the "heavy burden" of showing that transfer is "'unreasonable' under the circumstances."  M/S Bremen, 407 U.S. at 10, 18.

In the Ninth Circuit, "federal courts sitting in diversity must apply the relevant state law to evaluate the validity of a pre-dispute jury trial waiver when that law is more protective than federal law."  In re Cnty of Orange, 784 F.3d 520, 531-32 (9th Cir. 2015).  Under federal law, pre-dispute jury trial waivers are permitted "as long as each party waived its rights knowingly and voluntarily."  Id. at 523.  By contrast, under California law, "pre-dispute jury trial waivers are invalid unless expressly authorized by statute."  Id. (citing Grafton

---

[4] Plaintiff explains that forum selection clause is buried toward the end of "nearly ten single-space pages." (Opp'n at 15.)  While this may be the case, the length of the Conditions does not on its own establish that plaintiff lacked notice.  Cf. Hunt, 81 Cal. App. 4th at 908 (no notice where forum selection clause only provided "the applicable jurisdiction" and did not identify California as the applicable jurisdiction).

7

Partners v. Superior Court, 36 Cal. 4th 479 (2005)); see also Handoush v. Lease Fin. Grp., LLC, 41 Cal. App. 5th 729, 734-35 (1st Dist. 2019) (explaining that California courts refuse to enforce forum selection clauses which contain pre-dispute jury trial waivers as contrary to California's fundamental public policy protecting the right to a jury trial).  Thus, because California law is more protective than federal law, the court must apply California law.  See In re Cnty of Orange, 784 F.3d at 531-32.

Where a forum selection clause contains a pre-dispute jury trial waiver, the defendant seeking transfer bears the burden of showing that litigation in the transferee court would not diminish the plaintiff's rights under California law. Handoush, 41 Cal. App. 5th at 737-49 (finding a forum selection clause not enforceable because, unlike California, the state of the transferee court did not prohibit pre-dispute jury trial waivers).  Here, plaintiff argues that Washington law does not provide the same protection as California law against predispute jury trial waivers and, therefore, the forum selection clause is invalid.  (Opp'n at 12 n. 4.)

While it may be true that Washington law does not provide the same protection as California's regarding pre-dispute jury trial waivers, defendant has stipulated to preserve plaintiff's jury trial rights under California law in the Western District of Washington.  (Reply at 10.)  Courts permit transfer where a defendant stipulates that a plaintiff's unwaivable rights under the law of the transferor court will apply in the transferee court.  See, e.g., Pinkevich v. Thor Motor Coach,

Inc., No. 2:22-cv-05985 ODW, 2022 WL 19333282, at *3 (C.D. Cal. Nov. 16, 2022) (permitting transfer where defendant stipulated that plaintiff's jury trial rights under California law would not be disturbed); see id. (collecting cases).  Because defendant has stipulated to preserve plaintiff's jury trial rights, the court finds that plaintiff's jury trial rights under California law will not be diminished upon transfer to the Western District of Washington.

### 3. Protecting the Right to Privacy

Finally, plaintiff argues that the forum selection clause should not be enforced because it contravenes California's policy of protecting the right to privacy because the clause's choice-of-law provision mandates the application of Washington law.  (Opp'n at 12.)

To demonstrate that a forum selection clause would contravene a strong public policy, the plaintiff must "point to a statute or judicial decision that clearly states such a strong policy." Yei A. Sun, 901 F.3d at 1090 (citation omitted).  Here plaintiff cites Kearney v. Salomon Smith Barney, Inc., 39 Cal. 4th 95 (2006), for the proposition that the right to privacy is a fundamental state policy.  In Kearney, the California Supreme Court explained: "California's explicit constitutional privacy provision (Cal. Const., art. I, § 1)[5] was enacted in part specifically to protect Californians from overly intrusive

---

[5] Cal. Const., art. I, § 1 states: "All people are by nature free and independent and have inalienable rights.  Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy."

9

1  business practices that were seen to pose a significant and
2  increasing threat to personal privacy." Id. at 125 (citing
3  Rattray v. City of Nat'l City, 51 F.3d 793, 797 (9th Cir. 1994)
4  ("Having one's personal conversations secretly recorded may well
5  infringe upon the right to privacy guaranteed by the California
6  Constitution.")) (additional citations omitted).
7           Washington law similarly reflects a strong public
8  policy of protecting the right to privacy.  For example, both
9  California and Washington make unlawful any recording of private
10 communications without consent.  California Penal Code § 632,
11 under which plaintiff asserts his first cause of action,
12 provides: "A person who, intentionally and without the consent of
13 all parties to a confidential communication, uses an electronic
14 amplifying or recording device to eavesdrop upon or record the
15 confidential communication . . . shall be punished . . . ." Cal.
16 Penal Code § 632(a) (emphasis added).  Similarly, Washington Code
17 § 9.73.030 makes it unlawful to record any "[p]rivate
18 communication . . . by any device electronic or otherwise
19 designed to record . . . without first obtaining the consent of
20 all the participants in the communication . . . ."  Wash. Rev.
21 Code § 9.73.030(1)(a) (emphasis added).
22           Plaintiff argues that enforcing the forum selection
23 clause will deny plaintiff his day in court because Washington
24 law requires the showing of actual damages. Compare Wash. Rev.
25 Code § 9.73.060 ("injured his or her business, his or her person,
26 or his or her reputation"),⁶ with Cal. Penal Code § 637.2(c) ("It

---

⁶   See e.g., McKee v. Gen. Motors Co., 601 F. Supp. 3d
901, 908 (W.D. Wash. 2022) ("[A] violation of the [Washington

10

1   is not a necessary prerequisite to an action pursuant to this
2   section that the plaintiff has suffered, or be threatened with,
3   actual damages").[7]

4         However, "the fact that certain types of remedies are
5   unavailable in the [transferee] forum does not change the
6   calculus if there exists a basically fair court system in that
7   forum that would allow the plaintiff to seek some relief." Yei
8   A. Sun, 901 F.3d at 1092-93 (finding the forum selection clause
9   enforceable where plaintiffs maintained the opportunity to seek
10  relief in transferee court) (citation, quotations, and emphasis
11  omitted); see id. at 1092 ("It is the availability of a remedy
12  that matters, not predictions of the likelihood of a win on the
13  merits.") (quoting Weber v. PACT XPP Techs., AG, 811 F.3d 758,
14  774 (5th Cir. 2016) (quotations and emphasis omitted)).  Although
15  available remedies under Washington law are more limited than
16  those available under California law, Washington law does not
17  make all remedies unavailable.  Moreover, there is no suggestion
18  that courts in the state of Washington (either federal or state)
19  are not "basically fair."  Thus, plaintiff's potential inability
20  to obtain relief under Washington law does not establish that
21  Washington law contravenes California's public policy.

22        For the reasons discussed above, the court finds that

---

Privacy Act] without injury is insufficient to maintain a civil action.").

   [7]   Cal. Penal Code § 637.2(a) permits anyone injured by a violation to bring an action for $5,000 per violation or three times the amount of actual damages sustained.  By contrast, Wash. Rev. Code § 9.73.060 permits an injured person to recover actual damages or liquidated damages.

11

the exceptions to the enforcement of a forum-selection clause do not apply.  Accordingly, the court finds that the forum-selection clause is valid and enforceable.

   C.   Transfer Under § 1404(a)

In deciding a § 1404(a) motion to transfer pursuant to a forum-selection clause, "a district court may consider arguments about public-interest factors only."[8]  Atl. Marine, 571 U.S. at 64.  Public interest factors may include: "(1) local interest of lawsuit; (2) the court's familiarity with governing law; (3) burden on local courts and juries; (4) congestion in the court; and (5) the costs of resolving a dispute unrelated to this forum."  Lueck v. Sundstrand Corp., 236 F.3d 1137, 1147 (9th Cir. 2001) (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 259-61 (1981)); see also Atl. Marine, 571 U.S. at 62 n.6 (citation and internal quotations omitted).  "Because [public interest] factors will rarely defeat a motion, the practical result is that forum-selection clauses should control except in unusual cases."  Atl. Marine, 571 U.S. at 64.

Here, plaintiff argues that California's interest in the lawsuit and familiarity with governing law warrants denying transfer under § 1404(a).  (Opp'n at 14-15.)  The court disagrees.  The forum selection clause here mandates application of Washington law.  Thus, the Western District of Washington would be more familiar with the governing law.  See L.D. Reeder

---

[8] Where there is a valid forum selection clause, district courts adjust their § 1404(a) analysis in three ways: (1) the court should not consider plaintiff's choice of forum; (2) the court should not consider arguments about the parties' private interests; and (3) the original venue's choice-of-law rules will not apply, thus potentially affecting the public interest considerations.  Atl. Marine, 571 U.S. at 63-64.

1 Contractors of Ariz. v. Higgins Indus., Inc., 265 F.2d 768, 775
2 (9th Cir. 1959) ("There is an appropriateness . . . in having the
3 trial in a forum that is at home with the state law that must
4 govern the case . . . .") (citation omitted).

5 Further, while California may have an interest in the
6 lawsuit given the proposed class is comprised exclusively of
7 California residents, it would run counter to "the strong federal
8 policy in favor of enforcing forum-selection clauses," see Yei A.
9 Sun, 901 F.3d at 1090, if a plaintiff could avoid application of
10 a forum selection clause by how he or she decides to define a
11 proposed class.  Plaintiff has therefore not shown that either
12 public interest factor "overwhelmingly disfavor[s] a transfer."
13 See Atl. Marine, 571 U.S. at 67.  Plaintiff agreed to litigate
14 disputes in Washington and "courts should not unnecessarily
15 disrupt the parties' settled expectations." Atl. Marine, 571
16 U.S. at 66.

17 For the reasons discussed above, plaintiff has not met
18 the "heavy burden" of showing that transfer is "'unreasonable'
19 under the circumstances." M/S Bremen, 407 U.S. at 10, 18.
20 Accordingly, the court must grant defendant's motion to transfer.
21 Because the case will be transferred to the Western District of
22 Washington, the court declines to address defendant's motion to
23 dismiss.

24 IT THEREFORE ORDERED that defendant's motion to
25 transfer (Docket No. 24) be, and the same hereby is, GRANTED.
26 This action is hereby TRANSFERRED to the United States District
27 ///
28 ///

13

Court for the Western District of Washington.

Dated: July 11, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE